**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STEVENSON BENNETT,

        Petitioner,                               Case Number: 5:10-cv-14222

v.                                                     HON. JOHN CORBETT O'MEARA

SHERRY BURT,

        Respondent.
_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL**

Petitioner Stevenson Bennett is a state inmate currently incarcerated at the Parnall Correctional Facility in Jackson, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

**I.**

Following a jury trial in Berrien County Circuit Court, Petitioner was convicted of assault with intent to do great bodily harm less than murder and resisting and obstructing a police officer. He was sentenced as a third habitual offender to 84 to 240 months' imprisonment for the assault conviction and 18 to 48 months' imprisonment for the resisting and obstructing conviction, to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals. He raised the following claims:

> I. Defendant's conviction and sentence for resisting and obstructing a police officer should be reversed and vacated where the evidence shows the officers made a clearly unconstitutional warrantless arrest in Mr. Bennett's house, and he did nothing more than attempt to bar their entry into his residence.
>
> II. Mr. Bennett is entitled to be re-sentenced where the trial court, over defense objection, scored him with points under offense variables 12 and 19 by applying an improper legal standard, and thereby increased the range for the recommended minimum prison sentence.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Bennett,* No. 286548, 2009 WL 5150078 (Mich. Ct. App. Dec. 29, 2009). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim raised in the Michigan Court of Appeals. Leave to appeal was denied. *People v. Bennett,* 486 Mich. 1069 (Mich. 2009).

Petitioner then filed the pending habeas corpus petition. He raises the same claims raised on direct review in state court.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed.

**B.**

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

## III.

### A.

In his first claim for habeas corpus relief, Petitioner argues that his conviction for resisting and obstructing a police officer is invalid because the officers made an unconstitutional warrantless arrest in his home and a resisting and obstructing conviction cannot result from circumstances surrounding an unlawful arrest.

The offense of resisting and obstructing a police officer requires proof of the following elements: (1) that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer performing his duties, and (2) defendant knew or had reason to know that the person defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his duties at the time. *Bennett*, slip op. at 1, *citing*

4

Mich. Comp. Laws § 750.81d(1). The Michigan Court of Appeals held that the crime of resisting and obstructing a police officer does not require that the arrest be lawful. *Id.* Thus, under Michigan law, a person may be guilty of resisting and obstructing a police officer regardless of whether the arrest was illegal under the circumstances. *Id.*

On habeas review, a "federal habeas court does not act as an additional state appellate court to review a state court's interpretation of its own law or procedure." *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). In addition, a federal court may not grant a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

This Court is bound by the Michigan Court of Appeals' interpretation of Michigan law. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (holding that federal court must deter to state court's interpretation of its own law). Accordingly, under Michigan law, the lawfulness of an arrest is irrelevant in assessing guilt under Mich. Comp. Laws § 750.81d(1), and habeas relief cannot granted relative to this issue.

**B.**

Petitioner next argues that the trial court incorrectly scored offense variables 12 and 19, with regard to the assault with intent to do great bodily harm less than murder conviction.

It is well-established that "'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Petitioner's argument that the state court erred in scoring his sentencing guidelines is based solely on the state court's interpretation of state law. It does not implicate any federal rights. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court

5

sitting on habeas review."); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). "[A] claim that the trial court mis-scored offense variables in determining the state sentencing guidelines is not cognizable on habeas corpus review." *Adams v. Burt*, 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *see also Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999)(same); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987) (same). Therefore, habeas corpus relief is not available for this claim.

## IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

## V.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

6

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

s/John Corbett O'Meara  
United States District Judge

Date: November 23, 2010

I hereby certify that a copy of the foregoing document was served upon Petitioner on this date, November 23, 2010, at Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201, by first-class U.S. mail.

s/William Barkholz  
Case Manager